**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **COMMERCIAL DIVING SERVICES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 05-0556-CG-C** |
| ) | |
| **UNITED STATES ENVIRONMENTAL** ) | |
| **SERVICES, L.L.C., and** ) | |
| **LARRY LEE,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the court on plaintiff's motion to remand and brief in support (Docs.

8, 9), the opposition of defendants thereto (Doc. 15), and plaintiff's reply (Doc. 16).  The court

finds that defendants have not met their burden of showing that plaintiff's claim arises under

federal law.  Therefore, plaintiff's motion for remand is due to be granted.

**DISCUSSION**

Defendant removed this action from the Circuit Court of Mobile County, Alabama,

alleging that both diversity and federal question jurisdiction existed. (Doc. 1).   Plaintiff asserts

that removal was improper because (1) the requisite amount in controversy for diversity

jurisdiction was not met and (2) federal question jurisdiction does not exist because the only

claim asserted consists of a state law fraud action.   In their opposition to remand, defendants

acknowledge that because plaintiff only seeks attorney's fees and costs associated with the

NPFC instituting reimbursement proceedings against them, the damages sought are below the

threshold amount in controversy. (Doc. 15, pp. 2-3).   As such, defendants have withdrawn their diversity jurisdiction argument. (Doc. 15, p. 3).  Therefore, the court will limit its analysis to whether federal question jurisdiction properly applies to this case.

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  On a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction.  Pacheco de Perez v. AT &T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).   The removing party's burden is heavy.  Burns, supra.

Plaintiff's complaint asserts a claim for fraudulent misrepresentation. (Doc. 1).  Plaintiff alleges that defendants misrepresented that they would charge plaintiff $22,500.00  to clean up diesel fuel in Theodore Industrial Canal in Mobile, Alabama.  Defendants reportedly cleaned up the fuel and invoiced plaintiff in the amount of $62,799.75.   Plaintiff states that defendants refused its offer to pay a lesser sum and, instead, filed a claim with the United States Coast Guard National Pollution Funds Center ("NPFC) for the invoiced amount.  NPFC sought reimbursement from plaintiff and accepted plaintiff's offer of $27,086.90.  Plaintiff seeks to recover the attorneys fees and expenses it incurred in responding to NPFC's notice that it would seek reimbursement from plaintiff.   Defendants contend that this action is properly before this court because the issues arise from the Oil Pollution Act.   Defendants assert that they sought recovery from NPFC pursuant to the Oil Pollution Act and the Oil Spill Liability Trust Fund and that plaintiff should not be allowed to recover any amount for responding to the NPFC's claims reimbursement proceedings or "the essential purpose of the Oil Spill Liability Trust Fund and the NPFC will be defeated" and "the flood gates of litigation regarding environmental hazards will

be opened wide, allowing the polluters to avoid the full liability and punishment which they deserve." (Doc. 15, p. 5).

It is a well-settled rule that the plaintiff is the master of his or her complaint.  See, e.g., Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997); U.S. v. Jones, 125 F.3d 1418, 1428 (11th Cir. 1997); and Ariail Drug Co., Inc. v. Recomm Int. Display Inc., 122 F.3d 930, 934 (11th Cir 1997).  Notwithstanding the plaintiff's right to choose his forum, some actions filed in state court may be removed to federal court on the basis of federal question jurisdiction.  As the Supreme Court has noted:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.  See  Gully v. First Nat'l Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by **exclusive** reliance on state law.

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added).

The Supreme Court has stated that a cause of action arises under federal law in one of three ways.  The most common circumstance is where federal law "creates that cause of action." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), superseded by statute on other grounds, 28 U .S.C. § 1441(e), (quoting Justice Holmes in American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).  Plaintiff's fraudulent misrepresentation claim was clearly not created by federal statutes and therefore this rule does not apply to the facts of the instant case.

If plaintiff's claim is not federally created, removal is improper unless resolution of the claim necessarily turns on a substantial question of federal law or the claim is "really" a federal law claim.  Franchise Tax Bd. of California, 463 U.S. at 13.  While defendants' right to seek reimbursement from NPFC necessarily involves issues of federal law, it does not appear that plaintiff's fraudulent misrepresentation claim turns on those issues.  Plaintiff alleges only that defendants misrepresented the price they would charge to clean up the fuel.  Plaintiff does not allege that defendants had no right under federal statutes to seek reimbursement for cleanup costs or that NPFC had no right after compensating defendants, to seek reimbursement from plaintiff; nor does it appear that such allegations are necessary for plaintiff to recover on its fraudulent misrepresentation claim.  Plaintiff seeks compensation only for the fees and expenses it allegedly incurred as a result of defendants' misrepresentation.  The court finds that defendants have not met their burden of showing that plaintiff's claim arises under the Oil Pollution Act or some other federal law.

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand (Doc. 8) is **GRANTED** and this case is hereby **REMANDED to the Circuit Court of Mobile County, Alabama**.

**DONE and ORDERED** this 2nd day of May, 2006.


        /s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

4